WARNER, J.,
concurring specially.
Because the defense did not object to the testimony offered by M.R. herself as to the sexual acts which Grier performed on M.R.’s sister and L.H., I concur in the result. The graphic sexual act evidence had already come in by the time the witnesses actually testified. But for that, I would have held that the Williams rule evidence, as presented, was unduly prejudicial and dominated the trial. The sexual acts that Grier performed with the Williams rule witnesses, according to their testimony, were far more disturbing than the kissing and touching of M.R. for which Grier was being tried. Those differences would have required the court to refuse admission as Williams rule evidence. See McLean v. State, 934 So.2d 1248, 1259 (Fla.2006):
[T]he similarity of the prior act and the charged offense remains part of a court’s analysis in determining whether to admit the evidence in two ways. First, the less similar the prior acts, the less relevant they are to the charged crime, and therefore the less likely they will be admissible. Second, the less similar the prior acts, the more likely that the probative value of this evidence will be “substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.” § 90.403.
The similarity of the collateral act of molestation and charged offense is a critical consideration for the trial court in conducting an appropriate weighing under section 90.403. The trial courts are gatekeepers in ensuring that evidence of prior acts of child molestation is not so prejudicial that the defendant is convicted based on the prior sexual misconduct.
Because the collateral sexual acts were far more extensive than the acts of molestation, the trial court should have limited the scope of matters to which the Williams rule witnesses could testify. Certainly, the approach that Grier used on the witnesses, as well as the victim, was consistent, and showed his method of operating. However, the court should have limited testimony regarding the specific sexual acts which far exceeded the charged offenses.
*103 Nevertheless, because M.R. testified to all of the sexual acts "without objection, I too would affirm.